### TOWNSEND v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. June 4, 1915.)

STREET RAILROADS ⊕⟶117—OPERATION—INJURIES TO PERSONS ON TRACK—QUESTIONS OF FACT.

> Where a pedestrian was struck by a street car going at high speed while crossing the street, the question as to whether he was negligent in not looking a second time in the direction in which the car came was for the jury.
>
> [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. ⊕⟶117.]

Appeal from Kings County Court.

Action by Charles W. Townsend against the Brooklyn Heights Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

John Edmond Hewitt, of New York City (Francis E. Hamilton, of New York City, on the brief), for appellant.

D. A. Marsh, of Brooklyn (E. C. Blair, of New York City, on the brief), for respondent.

---

⊕⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

THOMAS, J. On September 14th, at a little past 6:30 p. m., the plaintiff, while attempting to cross Fulton street, in the borough of Brooklyn, came in contact with the front of defendant's car approaching from his left side. In the course of stepping from the sidewalk, or just after doing that, plaintiff looked to his left, and then walked with ordinary speed towards the track, the nearest rail of which was 13½ feet distant from the curb. "After feeling sure that the way was clear downtown," as he says, he "looked to the right, to see that it was clear that way," and proceeded without looking again to the left, and the contact followed without his seeing the car, although he heard his wife, close beside him, call out, "There is a car!" just as it struck him. At the time cars were coming "constantly and quite close together," and he was aware of that. Hanover Place enters Fulton street, but does not cross it, and plaintiff left the sidewalk to cross the street 10 feet from the corner—from the straight line of Hanover Place. While looking to the left he saw an automobile truck, 15 or 20 feet below Hanover Place, and, able to look 35 or 40 feet beyond that, he saw no car.

Hanover Place is 28 feet wide. Hence, by looking, he found the track clear to his left for a distance of 88 or 98 feet. His task, then, was to go 13½ feet from the curb and gain the right to cross the first track before a car, not then in sight, should come in sight and pass over the 88 or 98 feet. The plaintiff states that an ordinance, undisclosed by the record, limits at the place lawful speed to 6 miles per hour. The evidence does show that the car approached at a speed which the jury could find negligent, and it was quite within the just power of the jury to find that a car approaching at prudent speed would not have reached the place where the plaintiff would cross the track until he had done so. So, then, why should it be said as a matter of law that the plaintiff was negligent in looking to the left once, when a car approaching with due speed would not hit him? The only answer is that he should have looked again, lest the car approach with negligent speed. But that rule would compel the plaintiff to use care to guard against a negligent act on the part of the motorman, although the law does not presume such negligence, and the plaintiff was not obliged to imagine it. When vehicles are so conducted that by sheer might they constrain pedestrians, through fear of them, to guard against their excessive speed, they usurp a privilege in the highway that does not belong to them, and extort by menace from users of the street a care that the law does not exact from them. Hence, if the innocent must watch for the negligence of the guilty, the wrongdoer offends with impunity, for the sole reason that the injured person did not foresee the wrongful act and take measures to avoid it. When the dangerous agency appears, and its injurious tendency is appreciated, there must be an effort made in good faith to escape. But the suggestion that the man on foot must measure his vigilance by some expectancy that a car not seen will appear and then progress with negligent and destructive speed should find no place in our law.

I have on two recent occasions discussed this question of guarding against unexpectable negligence on the part of another, and entertain

the subject no farther at this time. If the jury may find properly from the evidence that the plaintiff could have crossed the street in reasonable use of it before a car conducted at prudent speed would come to him, then it could exonerate him from negligence in not looking a second time to his left. In other cases there have been usually some other elements, where a single look was deemed insufficient. If a person is making his way through a tangle of moving vehicles, he should exercise due care to use his eyes so as to keep himself safely related to the several or many moving parts of the mass. The necessities of street traffic do not require the parts in motion to pause at all times to allow one to pass in safety; but there should be a common adjustment of the parts, each pressing forward, or halting, or going with diminished speed, with due regard for the rights of others. So circulation of bodies in congested streets is consistent with safety and the demands of traffic. It would be folly to assert that a person could commit himself to such commotion with a single look when leaving the curb and without further circumspection. And yet even then, if the guilty driver of a vehicle injuring a pedestrian seeks to escape liability upon the plea that the injured person contributed to his injury by insufficient watchfulness, it should be considered that the man was entitled to use the street, that the dangers about him were ubiquitous, and that each perchance diverted attention from the rest, and he should be judged accordingly.

But in the present case the plaintiff saw the track clear to the one side. He had his daughter by one hand, and his wife was a little behind him, and a downtown track was to be watched at his right. Hence his look to the left could not be repeated with the freedom of one unconcerned for but a single direction. If the space to his left hand was so clear that in common prudence he could gain the right to cross the track before a car using proper care would come, or meantime his attention was needed elsewhere, the jury could acquit him of contributory negligence. This decision goes no farther than declaring, on the question of contributory negligence, that under the favorable view of the facts to which plaintiff is entitled it was for the jury to decide whether the plaintiff was negligent in going forward without looking again to his left.

The judgment should be reversed, and a new trial ordered, costs to abide the event. All concur.